# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF PETITION OF ANGELA M. HENSLEY, NEVADA BAR 9833 (FEE-SUSPENDED).

ANGELA M. HENSLEY,
Petitioner,
vs.
STATE BAR OF NEVADA,
Respondent.

No. 78462

FILED

JUL 1 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION

This petition seeks relief from past due fees and fines owed to the State Bar. Having considered the petition and the attached documents, we deny the requested relief. While we have an "inherent supervisory authority over the State Bar of Nevada," *O'Brien v. State Bar of Nev.*, 114 Nev. 71, 72, 952 P.2d 952, 953 (1998) (internal quotations omitted); *see also* SCR 39; SCR 76, the State Bar's refusal to waive petitioner's past due fees and fines is not so unfair as to warrant our intervention into the State Bar's affairs, *O'Brien*, 114 Nev. at 77, 952 P.2d at 957. *See* SCR 85(1) (providing that "the board of governors shall be charged with the executive functions of the state bar and the enforcement of the provisions of [SCR] 49 to 204"). SCR 98(12) provides that any member who fails to pay their fees "must be suspended from membership in the state bar, but may be reinstated upon the payment of accrued fees and such penalties as may be imposed by the board of governors." Unlike some other states, Nevada's rules do not include a hardship waiver. *Cf.* Ariz. Sup. Ct. Rule 32(7); Ky. Sup. Ct. Rule 3.040(4); La. Sup. Ct. DISC Rule 19(8)(A); Mont. Bar Bylaws Art. 1, Sec.

19-29531

4(e); N.M. Bar Rule 24-102(G); N.C. Bar Rule 1A.0902(g); Tex. Bar Rule Art. 3, Sec. 8. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Lipson Neilson P.C.
       State Bar of Nevada/Las Vegas